# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA *ex rel.* ROSEMARY MORGAN-LEE; COMMONWEALTH OF MASSACHUSETTS *ex rel.* ROSEMARY MORGAN-LEE; and ROSEMARY MORGAN-LEE,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>THE WHITTIER HEALTH NETWORK, LLC, HDH CORPORATION d/b/a HANNAH DUSTON HEALTHCARE CENTER, LNF CORPORATION d/b/a MASCONOMET HEALTHCARE CENTER, MBO CORPORATION d/b/a NEMASKET HEALTHCARE CENTER, ARBETTER CORPORATION d/b/a OAK KNOLL HEALTHCARE CENTER, NWB CORPORATION d/b/a PORT HEALTHCARE CENTER, MRN CORPORATION d/b/a SIPPICAN HEALTHCARE CENTER; and THERAPY RESOURCES MANAGEMENT INC.,<br><br>　　　　　Defendants. | Civil Action No. 1:13-cv-11997-DPW |

**NON-PARTY UMA RAJAGOPAL'S MOTION TO STRIKE PLAINTIFF'S REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE A FIFTH AMENDED COMPLAINT OR FOR LEAVE TO FILE A SURREPLY AND OPPOSITION TO PLAINTIFF'S MOTION TO EXCEED PAGE LIMIT**

56101048 v1

Non-party Uma Rajagopal ("Ms. Rajagopal") brings this motion to strike Plaintiff Rosemary Morgan-Lee's ("Morgan-Lee") improper reply submission in support of her motion to amend the complaint (Dkt. No. 193), or for leave to file a surreply.  Ms. Rajagopal also opposes Morgan-Lee's motion to exceed the court-ordered page limitations on her reply (Dkt. No. 195).

## BACKGROUND

On August 19, 2013, Morgan-Lee filed her original Complaint, which named Ms. Rajagopal among the defendants.  *See* Dkt. No. 1.  On September 4, 2015, Morgan-Lee dismissed Ms. Rajagopal from this action *with prejudice*.  *See* Dkt. No. 94.

On Sunday, September 4, 2016, Morgan-Lee filed the instant motion for leave to file a Fifth Amended Complaint, *see* Dkt. No. 173 (the "Motion"), without any prior notice to Ms. Rajagopal.  On September 19, 2016, Ms. Rajagopal filed an opposition to the Motion.  *See* Dkt No. 174 (the "Opposition").  Defendant Therapy Resources Management Inc. ("TRM") also filed an opposition to the Motion that day.  *See* Dkt. No. 176.  In the Opposition, Ms. Rajagopal specifically anticipated and opposed the careless tactics employed by Morgan-Lee:

> Morgan-Lee should not be permitted to correct, amend, or otherwise supplement the record with regard to this Motion, by reply or any other means. To the extent Morgan-Lee attempts to do so, any such filings should be stricken from the record. Morgan-Lee has failed to sustain her burden to prevail on the instant Motion and should not be permitted yet another bite of the apple.

Opposition at 22-23.

As expected, Morgan-Lee filed a motion for leave to file "*a reply*" memorandum to the Opposition and TRM's opposition.  *See* Dkt. No. 183.  Consistent with the position set forth in the Opposition, Ms. Rajagopal opposed Morgan-Lee's request.  *See id.* at 2.  On September 22, 2016, the Court granted Morgan-Lee's motion to file one reply: "*The Reply Brief* shall not exceed five (5) pages in length and shall be filed no later than 9/30/2016."  Dkt. No. 188.

On September 30, 2016, Morgan-Lee filed a reply to the Opposition. *See* Dkt. No. 193 (the "Reply"). Morgan-Lee also filed a separate reply to TRM's opposition. *See* Dkt. No. 194. Both replies were seven (7) pages long. *See* Dkt. Nos. 193, 194. Less than thirty minutes before filing, Morgan-Lee's counsel contacted Ms. Rajagopal's counsel to ask whether Ms. Rajagopal would assent to a motion to exceed the five page limit for reply. Ms. Rajagopal's counsel promptly informed Morgan-Lee's counsel that Ms. Rajagopal would not assent. Then, only *after* filing two reply briefs – when she had requested and was granted leave to file one, both of which exceed the one-brief, five-page limit – did Morgan-Lee seek leave of court to exceed the page limitation. *See* Dkt. No. 195. In that application, Morgan-Lee erroneously represented that she had attempted to confer with Ms. Rajagopal's counsel and had not received a response, without disclosing that her attempt to confer had been made less than thirty minutes before filing and that Ms. Rajagopal's counsel had, in fact, responded and objected.[1]

## ARGUMENT

### I. MORGAN-LEE'S REPLY SHOULD BE STRICKEN FROM THE RECORD

Morgan-Lee's Reply impermissibly changes the very basis for the Motion. The Motion was styled as one for leave to amend the complaint pursuant to Fed. R. Civ. P. 15(a). In reply, Morgan-Lee now appears to concede that the Motion is properly a one for leave to supplement the complaint pursuant to Fed. R. Civ. P. 15(d), although she also maintains that her "Motion to Amend" should be granted. Reply at 1.

It is well settled in this Circuit that a litigant may only use a reply brief to clarify arguments previously made or to respond to an argument an opposing party raises in an opposition; it is not appropriate to use a reply brief to raise a new argument. *See United States v.*

---

[1] After Ms. Rajagopal's counsel brought these issues to Morgan-Lee's counsel's attention, Morgan-Lee filed a "Corrected Certificate of Conferral" stating that Ms. Rajagopal's counsel had responded and objects to the application. *See* Dkt. No. 196.

*Bradstreet*, 207 F.3d 76, 80 n.1 (1st Cir. 2000) ("a reply brief is not the proper place to raise new arguments") (internal citations omitted).  There is no reason why Morgan-Lee could not have raised Rule 15(d) in her Motion papers.  With the first round of briefing concluded, Ms. Rajagopal does not have the opportunity to properly address Morgan-Lee's argument.  The Court should therefore exercise its discretion and decline to consider the reply.  *See CMM Cable Rep., Inc. v. Ocean Coast Properties, Inc.*, 97 F.3d 1504, 1526 (1st Cir. 1996) (courts are "entitled to expect represented parties to incorporate all relevant arguments in the papers that directly address a pending motion"); *McCoy v. MIT*, 950 F.2d 13, 23 (1st Cir. 1991) ("plaintiff has an affirmative responsibility to put his best foot forward in an effort to present some legal theory that will support his claim"); *cf. Rivera–Muriente v. Agosto–Alicea*, 959 F.2d 349, 354 (1st Cir. 1992) ("It is well settled in this court, for good reason which need not be rehearsed here, that a legal argument made for the first time in an appellant's reply brief comes too late and need not be addressed.").

In addition, Morgan-Lee's reply to TRM's opposition includes an affidavit she claims factually supports her proposed amendment.  *See* Dkt. No. 194-1.  Morgan-Lee did not request nor did the Court grant her permission to file a reply affidavit in support of her Motion.  *Cf.* Dkt. Nos. 183, 188.  As such, the affidavit was filed without leave and is improper.

Moreover, even if Morgan-Lee did have leave to file a reply affidavit, it could only be used to clarify information included in her Motion, or to respond to information in the oppositions.  The reply affidavit cannot be used to meet her initial burden to prevail on the Motion, only after the oppositions have alerted the Court and Morgan-Lee to the complete inadequacy of the Motion.  *Cf. Baugh v. City of Milwaukee*, 823 F. Supp. 1452, 1457 (E.D. Wis. 1993), *aff'd*, 41 F.3d 1510 (7th Cir. 1994) ("Where new evidence is presented in either a party's

reply brief or affidavit …, the district court should permit the nonmoving party to respond to the new matters prior to disposition of the motion, … or else strike that new evidence.").

Further, Morgan-Lee violated this Court's order granting her leave to file a five-page reply memorandum. Morgan-Lee specifically sought leave to file *one* reply memorandum. The court specifically granted Morgan-Lee leave to file *one* reply memorandum, and specifically instructed that it be no longer than five pages. Then, without further leave of court, Morgan-Lee filed two, seven-page reply memoranda of law.

Accordingly, the Reply should be stricken from the record.

## II.   MS. RAJAGOPAL SHOULD BE GRANTED LEAVE TO FILE A SURREPLY

Morgan-Lee's reply submissions introduce new arguments, new facts, and blatant misrepresentations, which Ms. Rajagopal is entitled to respond to by way of surreply. Specifically, Ms. Rajagopal's surreply will address the following: (1) Morgan-Lee's non-existent "excuse" for her admitted failure to comply with Local Rule 15.1;[2] (2) Morgan-Lee's inane request to serve Ms. Rajagopal a copy of the Motion under Local Rule 15.1 after the fact; (3) Morgan-Lee failed to meet her heightened burden to show the proposed amendment would not be futile with substantial and convincing evidence and cannot lie in the weeds and wait for reply to attempt to do so with inadmissible hearsay; (4) Morgan-Lee's arguments on supplemental jurisdiction are conclusory and she fails to identify who the common witnesses are or how conduct that occurred five years after her alleged termination from TRM derive from overlapping facts; and (5) Morgan-Lee's attempt to justify her harassment of Ms. Rajagopal by claiming entitlement to Ms. Rajagopal's work history and marital status is rife with inaccuracies and irrelevancies.

---

[2] Contrary to Morgan-Lee's supposition (Motion at 2 n.1), the point of Local Rule 15.1 is not for the parties to meet and confer and determine whether there is need for motion practice, but to give a non-party to an existing action advance notice that a party intends to add the non-party to the pending case.

4

Accordingly, Ms. Rajagopal should be granted leave to file a surreply.

### III.   MORGAN-LEE'S MOTION TO EXCEED PAGE LIMITS SHOULD BE DENIED

Ms. Rajagopal opposes Morgan-Lee's after-the-fact motion for leave to file excess pages. Morgan-Lee sought leave to reply, and this Court has already ruled that one, five-page reply memoranda of law is sufficient. Morgan-Lee did not seek leave to exceed page limits in advance of filing the improper replies. Ms. Rajagopal did not consent to the request to exceed page limits. As such, the request is improper.

The rules governing civil litigation, as established by the Federal Rules of Civil Procedure, the Local Rules of this Court, and this Court's orders, exist for a reason and should be enforced. Morgan-Lee's continued refusal to be bound by the rules should not be countenanced by this Court.

Accordingly, the motion for leave to file excess pages should be denied.

### CONCLUSION

Based on the foregoing, non-party Uma Rajagopal respectfully requests that Morgan-Lee's reply be stricken from the record or that Ms. Rajagopal be permitted to file a surreply in further opposition to the Motion, and that Morgan-Lee's motion to exceed be denied.

DATED:   October 18, 2016            Respectfully submitted,

  _/s/   Michael L. Koenig_
Michael L. Koenig, Esq.
Christopher V. Fenlon, Esq.
Hinckley, Allen & Snyder LLP
30 South Pearl Street, Suite 901
Albany, New York 12207
P: (518) 396-3100
F: (518) 396-3101
Email: mkoenig@hinckleyallen.com
Email: cfenlon@hinckleyallen.com

## **CERTIFICATIONS**

I certify in accordance with Local Rule 5.2(b) that this document was filed through the CM/ECF system on October 18, 2016 and will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF).

I certify in accordance with Local Rule 7.1(a)(2) that my associate Christopher Fenlon asked counsel for Plaintiff Rosemary Morgan-Lee whether she would consent to the relief requested herein and Morgan-Lee's counsel responded "I do not object."

DATED: October 18, 2016                           Respectfully Submitted,

                                        By:    *Michael L. Koenig*
                                               Michael L. Koenig

6

56101048 v1