UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| ROSEMARY MORGAN-LEE, | ) | |
| | ) | |
| Plaintiffs, | ) | Civil Action No. |
| v. | ) | 1:13-CV-11997-DPW |
| | ) | |
| THERAPY RESOURCES MANAGEMENT, LLC | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFF'S MOTION AND MEMORDUM *IN LIMINE* TO PERMIT ADVERSE INFERENCE BASED ON SPOILIATION OF EVIDENCE**

Plaintiff, Rosemary Morgan-Lee, through and by her counsel, hereby moves this Honorable Court *in limine* to permit adverse inference based on spoliation of evidence.

There is no dispute that on October 28, 2011, Rajagopal called a meeting of TRM employees, including managers. Morgan-Lee and VP of Human Resources Guss Scott attended the meeting. Morgan-Lee testified that the day before, she reported an instance of fraudulent billing to Rajagopal. Morgan-Lee Trial Testimony Day 1, p. 72. Morgan-Lee testified that at the meeting the next day, Rajagopal announced that she would fire anyone who reports fraud and that she would ensure that anyone who reports fraud would no longer work in the industry. Morgan-Lee Trial Testimony Day 1 p. 74-76. Scott testified that he took notes of that meeting. Despite being responsive to discovery requests, no such notes were produced. Scott testified at his deposition that he shreds his notes. He testified at trial he no longer had the notes. Scott Trial Testimony Day 3, p. 56-61. Morgan-Lee reported her concerns about Rajagopal's threats to Scott. In response, Scott sent Morgan-Lee an email in which he stated that he "did not remember

those exact quotes." *Id*. at 58; Exhibit 51. At the first trial, Scott testified that he did not preserve that notebook and that it had been shredded. He further testified that he did not recall Rajagopal making the threatening remarks. *Id*. 56-58

Scott testified that TRM first consulted counsel regarding Morgan-Lee shortly after October 27, 2011. Id. P. 61. Thereafter, TRM repeatedly engaged counsel regarding her reports of fraud and in fact had an attorney, Charles Blackman, attend the meeting on November 14, 2011 that was scheduled for Morgan-Lee to discuss the details of the fraudulent conduct she had been identifying and reporting to Rajagopal.

The spoliation doctrine is enforced in the First Circuit. "We have held with some regularity that a trier of fact may (but need not) infer from a party's obliteration of [evidence] relevant to a litigated issue that the contents of the [evidence] were unfavorable to that party." *Gomez v. Stop & Shop Supermarket Co.*, 670 F.3d 395, 399 (1st Cir. 2012) citing *Testa v. Wal–Mart Stores, Inc.*, 144 F.3d 173, 177 (1st Cir.1998). To demonstrate an inference of spoliation, the proponent must demonstrate that the "opposing party had notice of a potential claim and of the relevance to that claim of the destroyed evidence" *Id.* See *Blinzler v. Marriott Int'l, Inc.*, 81 F.3d 1148, 1158–59 (1st Cir.1996).The proponent must also show that there is evidence that has been destroyed or not preserved*). Id.* See, *Tri–County Motors, Inc. v. Am. Suzuki Motor Corp.*, 494 F.Supp.2d 161, 177 (E.D.N.Y.2007).

In this case, Morgan-Lee has demonstrated that TRM had notice of a potential claim. She had been repeatedly reporting fraud and they hired counsel shortly after October 27, 2011. The meeting occurred on October 28, 2011.

Plaintiff requests that the Court make a finding of spoliation and make an adverse inference finding that Rajagopal made the threats as reported by Morgan-Lee and that the meeting occurred as reported by Morgan-Lee.

Respectfully Submitted,
Attorney for Plaintiff,
Rosemary Morgan-Lee,

/s/ Louise Herman
___________________________________

Louise Herman, Esquire BBO: 548995
321 South Main Street, Suite 300
Providence, RI 02903
Tel: (401) 277-4110
lherman@lhermanlaw.com
Fax: (401) 453-0073

**CERTIFICATION**

I hereby certify that on this 12th day of February 2018, the within document was electronically filed with the Court and it is available for viewing and downloading from the ECF system.

*/s/ Louise A. Herman*
________________________________

**LOCAL RULE 7.1 CERTIFICATION**

Pursuant to Local Rule 7.1 (A)(2), the undersigned certifies that counsel for the Plaintiff attempted to confer with counsel for Defendant in good faith to resolve or narrow the issues raised by this motion.

*/s/ Louise A. Herman*
________________________________